IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HEATHER ROBBINS,** *on behalf of herself and all those similarly situated,*<br>6704 Baltimore Dr.<br>Marlton, NJ 08055<br><br>     **Plaintiff,**<br>  vs.<br><br>**PLAYHOUSE LOUNGE**<br>1205 US-130<br>Burlington, NJ 08016<br><br>And<br><br>**JOHN DOES 1-10**<br>c/o PLAYHOUSE LOUNGE<br>1205 US-130<br>Burlington NJ 08016<br><br>     **Defendants.** | **INDIVIDUAL AND COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**INDIVIDUAL AND COLLECTIVE AND CLASS ACTION COMPLAINT**

1. Named Plaintiff Heather Robbins (hereinafter "Named Plaintiff"), on behalf of herself and all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Playhouse Lounge and John Does 1-10 (hereinafter collectively "Defendants").

**INTRODUCTION**

2. Named Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants erroneously designated Named Plaintiff and those similarly situated ("Collective Action Plaintiffs") as

1

independent contractors and unlawfully deducted from and withheld a portion of Named Plaintiff's and Collective Action Plaintiffs' pay. Specifically, Defendants unlawfully requested, demanded and/or received wages from Named Plaintiff and Collective Action Plaintiffs, unlawfully demanded, accepted and/or retained a part of gratuities or charges purported to be gratuities, unlawfully deducted employee wages through fines and penalties for lateness and misconduct, and required Named Plaintiff and Collective Action Plaintiffs to cover the costs of Defendants' business. As a consequence, Defendants reduced Named Plaintiff and Collective Action Plaintiffs' pay below the statutorily mandated minimum wage for all hours worked, and failed to pay Named Plaintiff and Collective Action Plaintiffs at least 1.5 times the minimum wage for all hours worked over 40 per workweek.

3. Additionally, Named Plaintiff has initiated the instant action to redress violations of Defendants of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants erroneously designated Named Plaintiff and those similarly situated (hereinafter "New Jersey Plaintiffs") who worked in New Jersey as independent contractors and unlawfully deducted from and withheld portions of Named Plaintiff's and New Jersey Plaintiff's pay, and failed to pay Named Plaintiff and New Jersey Plaintiffs at least the minimum wage for all hours worked and at least 1.5 times the minimum wage for all hours worked over 40 per workweek.

4. Additionally, Named Plaintiff has initiated the instate action to redress violations of Defendants of the New Jersey Law Against Discrimination ("NJLAD"). Named Plaintiff asserts that Defendants subjected Plaintiff to quid pro quo sexual harassment and a sexually hostile work environment, and constructively discharged her for her refusal to participate in sexually illicit activities.

5. Additionally, Named Plaintiff has initiated the instant action to redress violations of the Defendants of the New Jersey Conscientious Employee Protection Act ("CEPA"). Named Plaintiff asserts that Defendants constructively discharged her for her refusal to participate in sexually illicit activities.

## JURISDICTION AND VENUE

6. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

8. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants is deemed to reside where it is subject to personal jurisdiction, rendering Defendants a resident of this judicial district.

## PARTIES

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Named Plaintiff is an adult individual residing at the address as set forth in the caption.

12.     "Collective Action Plaintiffs" refers to current and/or former "Entertainers" or similar positions with Defendants, who performed worked for Defendants and for whom Defendants classified as "Independent Contractors" within the last three (3) years.

13.     "New Jersey Plaintiffs" refers to current and/or former "Entertainers" or similar positions with Defendants, who performed work for Defendants and for whom Defendants classified as "Independent Contractors" within the last two (2) years.

14.     Defendant Playhouse is a New Jersey Corporation doing business in New Jersey at the business address as set forth in the caption.

15.     John Doe 1 through John Doe 10 are presently unknown persons who directly or indirectly, directed, aided, abetted and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants failing to pay Plaintiffs proper compensation pursuant to the FLSA and New Jersey Wage Laws.

16.     At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

17.     In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who worked for Defendants as an entertainer or similar positions at any point during the three years preceding the date the instant action was initiated, who were subject to Defendants' unlawful pay practices and policies discussed herein (the members of this putative class are referred to as "Collective Action Plaintiffs").

18. Named Plaintiff's claims are typical of the claims of the Collective Action Plaintiffs because Named Plaintiff, like all Collective Action Plaintiffs, was an employee of Defendants within the last three years whom Defendants failed to properly pay at least the minimum wage for all hours worked, and one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

19. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit form the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

20. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## NEW JERSEY CLASS ACTION ALLEGATIONS

21. Named Plaintiff brings her claims asserting violations of the New Jersey Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and on behalf of all persons presently and formerly employed by Defendants in New Jersey as Entertainers and/or similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies at any point in the three years preceding the date the instant action was initiated (members of this putative class are referred to as "New Jersey Plaintiffs").

22. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive

control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

23. Named Plaintiff's claims are typical of the claims of the New Jersey Plaintiffs because Named Plaintiff, like all New Jersey Plaintiffs, was an employee of Defendants within the last two (2) years whom Defendants failed to properly pay at least one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the New Jersey Wage Laws.

24. Named Plaintiff will fairly and adequately protect the interests of the New Jersey Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

25. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from the Defendants' records.

26. A class action is superior to other available methods for the fair and efficient adjudication for this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

27. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants failed to pay minimum wage to New Jersey Plaintiffs for all hours worked in a workweek, and (2) whether Defendants failed to pay proper overtime to New Jersey Plaintiffs for hours worked in excess of 40 hours in a workweek.

## FACTUAL BACKGROUND

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. Plaintiff worked as an entertainer for Defendant in New Jersey from in or around December 2017 to in or around August 2018.

30. Plaintiff worked approximately 50-60 hours a week during her tenure with Defendants.

31. Defendants improperly classified Plaintiff and other entertainers as independent contractors.

32. Defendants promulgated rules, known as "House Rules," that Plaintiff was required to follow or be subjected to fees and/or fines levied by Defendants.

33. At all times relevant herein, Defendants determined its hours of operation.

34. At all times relevant herein, Defendants determined Plaintiff's work schedule.

35. At all times relevant herein, Defendants determined the method of payment for dances performed by Named Plaintiff.

36. At all times relevant herein, Defendants communicated to Named Plaintiff that she was subject to discipline, including removal of "good standing" and termination for failing to sell personal dances, failing to sell private rooms, failing to appear and complete a scheduled

performance date, refusing to appear on stage as scheduled, refusing to participate in promotions on site during a performance date, and failing to conform to other House Rules.

37. Defendants did not pay Named Plaintiff any wages for any worked performed for Defendants during her entire tenure with Defendants.

38. Plaintiff's only income was non-wage gratuities paid by patrons.

39. Defendants required Named Plaintiff to pay various fees per shift from such income, including but not limited to:

   a. A minimum mandatory fee of at least $12 per each shift worked, called a "house fee"; and

   b. A minimum mandatory fee of at least $10 per each shift worked to the manager, called a "house mom"; and

   c. A minimum mandatory fee of at least $10 per each dance; and

   d. A minimum mandatory fee of at least $10 to security at the end of each shift.

40. Defendants required Named Plaintiff to pay various fines and penalties per shift for misconduct and/or other violations of Defendants' House Rules from such income, including but not limited to:

   a. A fine of at least $15 for lateness;

   b. A fine of at least $50 for no-shows; and

   c. A fine of at least $50 for failing to maintain appearance.

41. Defendants required Plaintiff to incur costs for costumes and other tools of the trade that were in reality business expenses of Defendants and which costs should have been reimbursed by Defendants, including but not limited to:

   a. Costumes; and

  b. Hair/nails; and

  c. Makeup; and

  d. Props.

42. The fees, fines, and expenses paid to Defendants by Named Plaintiff constitute *de facto* deductions and/or illegal kickbacks in violation of the FLSA.

43. Such deductions, in conjunction with Defendants' failure to pay any wages, reduced Named Plaintiff's wages below the statutory minimum.

44. Additionally, Defendants failed to compensate Named Plaintiff or Collective Action Plaintiffs at least 1.5 times the statutory minimum for all hours worked in excess of 40 hours per workweek.

45. Additionally, throughout Plaintiff's tenure with Defendants, Defendants pressured Plaintiff to book private "champagne rooms" wherein Plaintiff was expected to engage in sexual acts with patrons.

46. Although Plaintiff repeatedly refused, Defendants continued to introduce Plaintiff to patrons and suggest a "champagne room" booking.

47. On or about August 4, 2015, due to the ongoing directives to engage in prostitution, Plaintiff had no choice but to resign from her position with Defendants.

48. As a result of Defendants' unlawful actions, Plaintiffs have been harmed.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Named Plaintiff and Collective Action Plaintiffs v. Defendant)**
**(Minimum Wage)**

49. Named Plaintiff, on behalf of herself and all those similarly situated, re-alleges and incorporates by reference the foregoing paragraphs as if set forth herein.

50. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

51. At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

52. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

53. Defendants were not allowed to avail itself of the federal minimum wage rate under the FLSA.

54. Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Named Plaintiff and Collective Action Plaintiffs.

55. Defendants, pursuant to their policies and practices, unlawfully deducted wages by imposing fines or penalties for lateness or misconduct, and requiring Named Plaintiff and Collective Action Plaintiffs to incur expenses in carrying out duties assigned by Defendants, which resulted in reducing wages below the statutory minimum.

56. By failing to compensate Named Plaintiff and Collective Action Plaintiffs, Defendants violated, and continue to violate, their statutory rights under the FLSA, and has caused Plaintiffs to suffer damages.

## COUNT II
### Violations of the FLSA
**(Named Plaintiff and Collective Action Plaintiffs v. Defendants)**
**Failure to Pay Overtime Compensation**

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

59. At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

60. The FLSA requires employers, such as Defendants, to compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at 1.5 times the regular rate for all hours worked over 40 in a workweek.

61. Defendants, pursuant to their policies and practices, refused and failed to pay overtime compensation to Named Plaintiff and Collective Action Plaintiffs.

62. By failing to pay overtime compensation to Named Plaintiff and Collective Action Plaintiffs, Defendants violated, and continue to violate, their statutory rights under the FLSA, and has caused Plaintiffs to suffer damages.

**COUNT III**
**Violations of the New Jersey Wage & Hour Law**
**(Named Plaintiff and Collective Action Plaintiffs v. Defendant)**
**Failure to Pay Minimum Wage**

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. At all time relevant herein, Defendants was and continues to be "employers" within the meaning of the NJWHL.

65. At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employees" within the meaning of the NJWHL.

66. The NJWHL requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at the state minimum wage rate for each hour worked.

67. Defendants failed to pay Named Plaintiff and Collective Action Plaintiffs the state minimum wage for hours they worked.

68. As a result of Defendants' failure to compensate Named Plaintiff and Collective Action Plaintiffs pursuant to the NJWHL, Defendants have violated and continue to violate the NJWHL, and has caused Plaintiffs to suffer damages.

## COUNT IV
### Violations of the New Jersey Wage Payment Law ("NJWPL")
**(Named Plaintiff and New Jersey Plaintiffs v. Defendants)**
**Failure to Pay Overtime Compensation**

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the NJWPL.

71. At all times relevant herein, Named Plaintiff and New Jersey Plaintiffs were/are "employees" within the meaning of the NJWPL.

72. The NJWPL requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and New Jersey Plaintiffs, at 1.5 times the minimum wage for all hours worked over 40 in a workweek.

73. Defendants refused and failed to pay overtime compensation to Named Plaintiff and New Jersey Plaintiffs.

74. By failing to pay overtime compensation to Named Plaintiff and New Jersey Plaintiffs, Defendants violated, and continue to violate, their statutory rights under the NJWPL, and has caused Plaintiffs to suffer damages.

## COUNT V
### Violations of Common Law
**(All Plaintiffs v. Defendants)**
**Unjust enrichment**

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. At all times relevant herein, Plaintiffs performed services for Defendants from which Defendants benefited.

77. Defendants failed to pay Plaintiffs any wages for work done for the benefit of Defendants.

78. Defendants were unjustly enriched by not paying Plaintiffs any compensation for the work done for Defendants.

79. Defendants' aforementioned conduct is in violation of common law and has caused Plaintiffs to suffer damages.

## COUNT VI
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
(Named Plaintiff v. Defendants)
**Quid Pro Quo Sexual Harassment/ Retaliation/ Constructive Discharge**

80. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the NJLAD.

81. At all times relevant herein, Named Plaintiff was an "employee" within the meaning of the NJLAD.

82. Defendants' directives to Named Plaintiff to engage in sexual acts were constant and constitute sexual harassment.

83. Defendants discharged Named Plaintiff by its ongoing harassment of Named Plaintiff and repeated directives to engage in sexual acts, despite Named Plaintiff's constant refusals to do same.

84. Any reasonable person in Named Plaintiff's shoes would have also resigned their position with Defendants.

85. Defendants' aforementioned conduct is in violation of the NJLAD and has caused Named Plaintiff to suffer damages.

## COUNT VII
### Violations of the NJLAD
### (Named Plaintiff v. Defendants)
### Hostile Work Environment

86. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the NJLAD.

87. At all times relevant herein, Named Plaintiff was an "employee" within the meaning of the NJLAD.

88. Defendant created a sexually hostile work environment by directing Plaintiff to engage in sexual acts.

89. Defendants' aforementioned conduct is in violation of the NJLAD and has caused Named Plaintiff to suffer damages.

## COUNT VIII
### Violations of the New Jersey Conscientious Employee Protections Act ("CEPA")
### (Named Plaintiff v. Defendants)
### Retaliation/Constructive Discharge

90. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of CEPA.

91. At all times relevant herein, Named Plaintiff was an "employee" within the meaning of CEPA.

92. Named Plaintiff engaged in a protected activity within the meaning of CEPA by refusing to participate in an activity, specifically prostitution, that she reasonably believed to be unlawful and/or to constitute a violation of the law.

93. Defendants' insistence that Named Plaintiff engage in prostitution resulted in and constituted Defendants' constructive discharge of Named Plaintiff, in violation of CEPA and has caused Named Plaintiff to suffer damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order:

1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

2) Enjoining Defendant from continuing to maintain its illegal policy, practice, or customs in violation of federal and state law;

3) Providing that Defendant is to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings.

4) Awarding Plaintiffs liquidated damages pursuant to the laws they are suing under in an amount equal to the actual damages in this case;

5) Awarding Plaintiffs the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

6) Awarding Plaintiffs all other relief as the Court deems appropriate and just; and

7) Plaintiffs' claim are to receive a trial by jury.

Respectfully submitted,

 */s/ Joshua Boyette*
Joshua S. Boyette, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Hwy N., Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated:  March 12, 2019

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HEATHER ROBBINS, *Individually and on behalf of all others similarly situated*,

Plaintiff,

vs.

PLAYHOUSE LOUNGE, *et al.*

Defendants.

Civil Action No.

## CONSENT TO JOIN LAWSUIT

I, the undersigned, hereby consent to be an Opt-In Party Plaintiff in the above-captioned matter which seeks to recover minimum wage and overtime compensation for work that was not paid as required by the Fair Labor Standards Act. I was employed by Playhouse Lounge as an Entertainer at some point during the last three (3) years. I wish to be included as a party and to be bound by any judgment in the claims being asserted against Playhouse Lounge by former and current employees of Playhouse Lounge and I hereby give consent to Swartz Swidler, LLC, to bring suit against Playhouse Lounge on my behalf under the Fair Labor Standards Act. I further designate Swartz Swidler, LLC and the named plaintiffs as my agents in making decisions on my behalf in this litigation, including entering into settlement agreements pertaining to this matter.

Heather M Robbins
_____
Full Name

Heather M Robbins
_____
Street Address

6704 Baltimore Drive
_____
City, State, and Zip

Marlton New Jersey 08053
_____
Telephone Number

Signature: _Heather M Robbins (Feb 13, 2019)_